IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMBER J. MICHALAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01821-K-BT |
| | § | |
| SANDY CRUMPTON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Amber J. Michalak's lawsuit seeking specific performance or damages from Defendant Sandy Crumpton for an alleged breach of a real-estate contract. Compl. 5-6 (ECF No. 3). For the reasons explained in these Findings, Conclusions, and Recommendation, the Court lacks the power to adjudicate Michalak's sole state-law cause of action between nondiverse parties. Therefore, the Court must DISMISS this case without prejudice for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (citations omitted). And federal courts have an independent duty to examine their subject-matter jurisdiction and to dismiss any case in which jurisdiction is lacking. *Lyons v. Starbucks Coffee Co.*, 2021 WL 2557154, at *1 (N.D.

1

Tex. Apr. 12, 2021) (Rutherford, J.) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)), *rec. accepted*, 2021 WL 2554454 (N.D. Tex. June 22, 2021) (Scholer, J.); *accord McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject[-]matter jurisdiction *sua sponte*."); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000, 28 U.S.C. § 1332. The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly;" it cannot be "established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Here, Michalak alleges diversity jurisdiction exists under 28 U.S.C. § 1332. Compl. at 1, 3. However, in her "Complaint to Require Performance of a Contract to Convey Real Property (28 U.S.C. § 1332; Diversity of Citizenship)," Michalak states she is a citizen of Texas and resides in Nevada, Texas. Compl. 1, 3, 8. And Crumpton is also a citizen of Texas and resides in Lavon, Texas. *Id.* at 2, 3, 8.[1]

---

[1] Both Nevada and Lavon are located in Collin County, Texas. Collin County is situated in the Eastern District of Texas. Because the Court finds that this case should be dismissed for lack of subject-matter jurisdiction, it pretermits consideration of whether the case should be transferred to the proper venue.

"Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *SGK Props., LLC v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 939 (5th Cir. 2018) (internal quotations omitted) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam))). In this case, complete diversity is lacking because the plaintiff and the defendant are both citizens of Texas.

Furthermore, "[t]he party invoking federal diversity jurisdiction," here Michalak, "bears the burden of establishing the amount of controversy" exceeds $75,000, the jurisdictional amount, "by a preponderance of the evidence." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The Court first examines the Complaint to determine whether the claims facially and apparently exceed the jurisdictional amount. *Id.* In this case, Michalak sues to enforce specific performance of a real estate contract to buy a property from Crumpton for $30,000. Compl. 4, 8-13. Alternatively, Michalak asks the Court to award "damages in the amount of $65,000," which is the "[f]ull contract amount paid" plus "[t]ime and labor . . . for hours and money spent to clean [the Property] up." *Id.* at 6. It is facially apparent from Michalak's Complaint that the amount in controversy is below the requisite jurisdictional amount necessary to support diversity jurisdiction.

Also, Michalak fails to allege any facts to support federal-question jurisdiction. Instead, she alleges one state-law cause of action for breach of

contract. *See generally* Compl. This state-law claim does not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. And Michalak does not contend that it does. *See generally* Compl. Therefore, Michalak fails to allege any facts to support federal-question jurisdiction.

Accordingly, under the most liberal construction of Michalak's Complaint, the Court lacks subject-matter jurisdiction and the power to adjudicate the case.

### Recommendation

For the reasons stated, the District Court should DISMISS this action without prejudice under Rule 12(h)(3) because Plaintiff failed to plead jurisdictional facts that give rise to subject-matter jurisdiction and provide the District Court the power to adjudicate the case.

**SO RECOMMENDED**.

November 2, 2021.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　REBECCA RUTHERFORD
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).